IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBBY BRASEL                                                                                  PLAINTIFF

v.                                            CIVIL ACTION NO. 1:13-cv-00206-GHD-DAS

JPMORGAN CHASE, N.A.;
TYLER WILSON; and
JOHN AND JANE DOES 1–100                                        DEFENDANTS

## MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO STRIKE IMPROPER REBUTTAL AS MOOT

Presently before this Court are Plaintiff's motion to remand the case to state court [10] and Defendant JPMorgan Chase, N.A.'s motion to strike improper rebuttal [32]. Upon due consideration, the Court is of the opinion that the motion for remand [10] should be granted due to lack of diversity jurisdiction and procedurally defective notice of removal, and the motion to strike improper rebuttal [32] should be denied as moot, as the Court did not consider those rebuttal arguments in its ruling.

*A. Factual and Procedural Background*

On September 12, 2013, Plaintiff Robby Brasel ("Plaintiff") filed a complaint in the Circuit Court of Prentiss County, Mississippi, against Defendants JPMorgan Chase, N.A. ("Chase") and Tyler Wilson ("Wilson") (collectively, "Defendants") to recover for Defendants' alleged conduct concerning certain real property in Prentiss County, Mississippi (the "subject property"). Plaintiff alleges the following facts: In 2006, Plaintiff was a mortgagee on a mortgage held by Chase Home Finance, LLC, an entity that would later merge into Chase. Plaintiff fell behind on his mortgage payments and requested a loan modification. Chase allowed Plaintiff to participate in a trial payment plan for its loan modification program and pay

1

a reduced monthly mortgage payment. Plaintiff and his wife divorced in August of 2010; as part of the divorce settlement, Plaintiff received the subject property. Chase sent Plaintiff a series of letters requesting documentation from him concerning the requested loan modification. While Chase was still sending such letters to Plaintiff, Chase foreclosed on the subject property, without notice to Plaintiff that the loan had been accelerated or that he had an opportunity to cure his default or institute legal proceedings to protect his interest. The property was sold to Wilson at a foreclosure sale, and Wilson is now the purported owner and occupant of the subject property.

Among other things, Plaintiff alleges that Chase did not have the right to foreclose on the subject property, that Chase has a pattern and practice of wrongful foreclosure, that Wilson is in improper and illegal possession of the subject property, and that Plaintiff has been damaged as a result of these alleged actions. Plaintiff asserts numerous causes of action against Chase: breach of contract, breach of implied covenant of good faith and fair dealing, misrepresentation and deceit, promissory estoppel, fraud, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, negligence, gross negligence, wrongful foreclosure, negligent infliction of emotional distress, conversion, fraudulent conveyance, and unjust enrichment. Plaintiff asserts the following causes of action against Wilson: fraudulent conveyance, trespass, and ejectment. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees in an unspecified amount.

On October 21, 2013, Chase filed a notice of removal [1]. On November 20, 2013, Plaintiff filed the present motion to remand [10] the case to state court. Chase then filed a response, and Plaintiff filed a reply. The motion to remand [10] is now ripe for review.

## B. Standard of Review

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the Court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## C. Discussion

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff contends that removal is improper and remand is warranted because (1) complete diversity of citizenship does not exist between Plaintiff and Defendants, who are properly joined;[1] (2) Chase's notice of removal was procedurally defective; and (3) the complaint does not raise a federal question. Plaintiff also seeks costs and attorney's fees incurred in filing the present motion to remand. The Court addresses each ground for remand in turn.

---

[1] The parties apparently agree that the jurisdictional amount-in-controversy requirement is satisfied.

(1) Complete Diversity of Citizenship

First, Plaintiff contends that removal is not appropriate because there is lack of complete diversity of citizenship among the parties. It is undisputed that complete diversity exists between Plaintiff, a citizen of Mississippi, and Chase, a citizen of Ohio. However, Plaintiff contends that Wilson's presence as a Defendant destroys complete diversity, as both Plaintiff and Wilson are citizens of Mississippi. Thus, Plaintiff maintains that removal jurisdiction is improper.

Chase argues that Wilson was improperly joined in order to destroy diversity jurisdiction and thus that Wilson's citizenship should be disregarded in the diversity jurisdiction determination. Chase argues in support that there is no possibility that Plaintiff might establish a viable cause of action against Wilson, as Wilson was a bona fide purchaser for value without notice and Plaintiff's claims against Wilson cannot stand because of this. Chase further argues that Plaintiff's claims for trespass and ejectment against Wilson are not plausible. Thus, Chase argues that removal is proper.

Plaintiff maintains that his "claims center on a wrongful, void foreclosure of his property, and the subsequent void transfers of title and the resulting loss of possession of Plaintiff's home." Pl.'s Mot. Remand [11] at 8. Plaintiff indeed alleges that the foreclosure sale at issue was conducted without contractual or statutory authority and further alleges that Wilson's purchase of the property is improper.

"[T]he doctrine that ignores a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction" is known as "improper joinder" in the Fifth Circuit. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc)). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or

(2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 401 (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (in turn quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003))). Because Chase does not contend that the pleadings contain actual fraud, only the second prong is before this Court.

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, [restated,] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (some alteration in original) (in turn quoting *Smallwood*, 385 F.3d at 573)). First, the Court must determine whether Plaintiff's complaint states a claim against Wilson, as, "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *See id.* (citing *Smallwood*, 385 F.3d at 573) . However, even if Plaintiff has stated a claim against Wilson, if he has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the [Court] may, in its discretion, pierce the pleadings and conduct a summary inquiry." *See id.* (citing *Smallwood*, 385 F.3d at 573) (internal citation omitted). "The purpose of the [summary] inquiry is limited to identifying 'the presence of discrete and <u>undisputed</u> facts that would preclude plaintiff's recovery against the in-state defendant.' " *Id.* (citing *Smallwood*, 385 F.3d at 573–74) (emphasis added). If the Court conducts a summary inquiry, it may "consider summary judgment-type evidence in the record, but must also take into account all <u>unchallenged</u> factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *See Travis*, 326 F.3d at 648–49 (emphasis added). All <u>disputed</u> issues of fact and any ambiguities of state law must be resolved in the Plaintiff's favor. *See id.* at 649. Chase, as the removing party, bears the <u>heavy</u> burden of demonstrating that there is no

possibility of recovery against Wilson. *See id.* (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). As shown below, Chase has failed to meet its burden.

In a wrongful foreclosure case, there is at least a slight possibility of recovery on claims against a subsequent purchaser for value in Mississippi. *See Tenn. Props., Inc. v. Gillentine*, 66 So. 3d 695, 699 (Miss. Ct. App. 2011) (affirming chancery court's denial of sanctions against plaintiff who sued subsequent purchaser for value in a wrongful foreclosure case, stating that such claims "might have been weak" but were not pled with no hope of success). Thus, the Court will look to each cause of action asserted against Wilson.

First, Plaintiff asserts a cause of action for fraudulence conveyance against Chase and Wilson. Plaintiff alleges with respect to Wilson that (1) the foreclosure sale was without statutory authority and was thus void, Pl.'s Compl. [2] ¶ 128; (2) the subsequent conveyance of the subject property to Wilson was void, *id.*; (3) Wilson obtained the title to the subject property through this wrongful sale, *id.* ¶ 129; (4) this conveyance was a fraudulent conveyance, *id.* ¶ 130; (5) thus, the deed or conveyance of the subject property to Wilson should be declared null, void, and of no effect, *id.* ¶ 131; and (5) Plaintiff is entitled to damages, including the full market value of the subject property, general damages, special damages, and punitive damages, *id.* The Mississippi statute pertaining to fraudulent conveyances provides that a conveyance is fraudulent if a debtor "made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor." *See* MISS. CODE ANN. § 15-3-107(1). Because here Plaintiff is not a creditor of Wilson, it is unclear to this Court how Plaintiff could prevail on a fraudulent conveyance claim against Wilson based on Plaintiff's allegations. However, as set forth below, Plaintiff at least has a possibility of success on the other two causes of action asserted against Wilson.

Plaintiff also asserts causes of action against Wilson for trespass and ejectment. Plaintiff alleges with respect to his trespass claim that Wilson "is in improper and illegal possession of the subject [p]roperty, and committed trespass to the Plaintiff's property when he intentionally invaded the property without consent or right to enter the land," Pl.'s Compl. [2] ¶ 118, and that as a result, Plaintiff has suffered actual and nominal damages, *id.* ¶ 119. Plaintiff has at least a possibility of success with his trespass allegations. Plaintiff alleges with respect to his ejectment claim that Wilson "illegally possesses the subject [p]roperty," Pl.'s Compl. [2] ¶ 133; that Wilson "did not actually acquire title to the [subject p]roperty because the initial purported foreclosure sale by [Chase's] agent . . . was conducted without statutory authority," *id.* ¶ 134; that "Plaintiff maintains superior/equitable title in opposition to any conveyance or evidence of the claim to title of the [subject p]roperty by [Wilson], *id.* ¶ 135; and that "Plaintiff seeks final judgment adjudicating the Plaintiff to be the legal owner of the subject [p]roperty and an order of ejectment pertaining to [Wilson]," *id.* ¶ 136. Because Plaintiff claims he "is legally entitled to the possession of the land sued for and demanded," he has at least a possibility of success on the ejectment claim against Wilson. *See* MISS. CODE ANN. § 11-19-1. That Wilson may have been a bona fide purchaser for value without notice is "an affirmative defense and must be sustained by competent proof." *Memphis Hardwood Flooring Co. v. Daniel*, 771 So. 2d 924, 933 (Miss. 2000). This Court cannot properly make a ruling in this regard at the motion for remand stage, because such a determination would require this Court to engage in an *Erie* guess and rule on the merits of the controversy.

For all the foregoing reasons, the Court finds that Chase has failed to meet its heavy burden to justify removal on improper joinder grounds. Therefore, the joinder of Wilson destroys complete diversity, and remand is proper on this ground.

(2) Removal Procedure

Second, Plaintiff contends that Chase's notice of removal is procedurally defective because Wilson did not join in the notice or consent to the removal. Chase concedes that Wilson did not join in or consent to the removal and that Wilson is a Mississippi resident, but argues that its notice of removal was not procedurally defective because Wilson was improperly joined as a Defendant and therefore was not required to join in or consent to the removal.

The statute governing removal procedure provides in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. § 1446(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Ortiz v. Young*, 431 F. App'x 306, 207 (5th Cir. 2011) (citing *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002)). "[F]ailure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *see Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 & n.3 (5th Cir. 1981). The Court has already decided that Wilson was properly joined. The record supports that Wilson was properly served with the summons and complaint prior to the time the notice of removal was filed. *See* Proof of Service [6-2]. Thus, the undisputed fact that Wilson did not join in or

consent to the notice for removal renders the notice procedurally defective.[2] Plaintiff's motion for remand is granted on this basis, as well.

(3) Federal Question

Finally, Plaintiff contends that removal is not proper because his complaint does not state a federal question. Chase argues that removal is proper, because Plaintiff has stated a federal question in his complaint. Specifically, Chase argues that Plaintiff's claims are based upon certain consent orders entered into between the federal Office of the Comptroller of the Currency and Chase and that Plaintiff's claim is that Chase engaged in unsafe and unsound practices in residential mortgage servicing and the initiation and handling of foreclosure proceedings and that Chase breached multiple directives of the federal Home Affordable Modification Program. Chase argues that Plaintiff's complaint arises under federal law and present a federal question. The Court disagrees.

Federal question jurisdiction, provided by 28 U.S.C. § 1331, vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he well-pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs jurisdictional determinations. If, on its face, such a complaint contains no issue of federal law, there is no federal question jurisdiction." *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). "A cause of action does not have the necessary jurisdictional elements unless it presents a basic dispute as to the

---

[2] Although there is an exception that nominal or formal parties need not join in the removal petition, the Court finds that Chase has not shown that Wilson is a nominal or formal party, that is, that "there is no possibility that [Plaintiff] would be able to establish a cause of action against [Wilson] in state court." *See In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370 (5th Cir. May 4, 2009) (unreported) (citing *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871, 872 (5th Cir. 1991)).

interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of constitutional provision be given one interpretation and defeated if given another." *Screven County v. Brier Creek Hunting & Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953).

In the case *sub judice*, although Plaintiff mentions federal law in his complaint, he specifically states that he is seeking recovery under state law, *see* Pl.'s Compl. [2] ¶ 6; asserts only causes of action under state law, *see id.* ¶¶ 1, 36–141; and when he alleges that Defendants' conduct does not comport with federal law, includes the disclaimer "[b]y way of illustration only," *see id.* ¶ 29. The Court finds that Plaintiff's complaint does not present a federal question, and accordingly, this Court does not have federal question jurisdiction. Because only state-law claims are asserted, complete diversity of citizenship is not present between Plaintiff and Defendants, and the notice of removal was procedurally defective, removal is not proper and remand is warranted.

## D. Conclusion

In sum, Plaintiff's motion to remand to state court [10] is GRANTED based on lack of complete diversity of citizenship, the procedurally defective notice of removal, and the lack of a federal question; Plaintiff's request for costs and attorney's fees incurred in filing the present motion to remand is not well taken and is thus DENIED; Defendant JPMorgan Chase, N.A.'s motion to strike improper rebuttal [32] is DENIED AS MOOT; and the case shall be REMANDED to the Circuit Court of Prentiss County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 24th day of June, 2014.

_____
SENIOR JUDGE